

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 8, 1952

Hon. C. H. Cavness      Opinion No. V-1502
State Auditor
Austin, Texas           Re: Authority of State insti-
                            tutions of higher learning
                            to enroll servicemen from
                            other states at the resi-
                            dent tuition rate while
                            they are stationed in Tex-
Dear Sir:                   as.

        We quote from your request for an opinion of
this office as follows:

> "With reference to Art. 2654c-(6), V.C.
> S., will you please advise us whether of-
> ficers, enlisted men, selectees or draftees
> of the Army, Army Reserve, National Guard,
> Navy, Naval Reserve, or the Marine Corps,
> from other States, who are stationed in Texas
> by assignment to duty within the borders of
> this State, shall be permitted to enroll in
> the State institutions of higher learning,
> including the State-supported public junior
> colleges enumerated in Article IV, House Bill
> No. 426 of the Fifty-second Legislature, by
> paying the tuition fees and other fees or
> charges provided for regular resident students
> of the State of Texas, without regard to the
> length of time such officers, enlisted men,
> selectees or draftees have been stationed on
> active duty within the State?
>
> "We understand that some such persons
> are now contemplating enrolling in some of the
> State's Colleges, and the College Officials
> need to know in advance whether tuition shall
> be charged them as residents or as nonresidents."

        Generally, Article 2654c, V.C.S., controls the
matter of tuition rates to be collected from students,
resident and nonresident, enrolling in Texas institutions
of collegiate rank supported in whole or in part by public

funds appropriated from the State Treasury. Arts. IV and V of H. B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228; Att'y Gen. Ops. O-5891 (1944), O-7346 (1946). It provides for the collection of a higher tuition from nonresident students than from resident students. Subdivs. 1, 2, 3, and 4 of Sec. 1, Article 2654c, supra.

Subdivision 2 (a) of Section 1 of Article 2654c defines, for purposes of the tuition law, a "nonresident student" as follows:

"A nonresident student is hereby defined to be a student of less than twenty-one (21) years of age, living away from his family and whose family resides in another State, or whose family has not resided in Texas for the twelve (12) months immediately preceding the date of registration; or a student of twenty-one (21) years of age or over who resides out of the State or who has not been a resident of the State twelve (12) months subsequent to his twenty-first birthday or for the twelve (12) months immediately preceding the date of registration."

Subdivision (6) of Section 1, Article 2654c, enacted in 1941, provides as follows:

"Officers, enlisted men, selectees or draftees of the Army, Army Reserve, National Guard, Navy, Naval Reserve, or the Marine Corps of the United States, who are stationed in Texas by assignment to duty within the borders of this State, shall be permitted to enroll their children in State institutions of higher learning by paying the tuition fees and other fees or charges provided for regular residents of the State of Texas, without regard to the length of time such officers, enlisted men, selectees or draftees have been stationed on active duty within the State."
(Emphasis added.)

The above provision is directed and limited to the "children" of such officers and enlisted men in the designated armed services of the United States who are stationed in Texas by assignment to duty therein. It contemplates, of course, that the parent in the

armed services is legally a nonresident of this State and that the child or children of the parent by reason thereof is likewise a nonresident of this State, the legal residence of the minor ordinarily being that of the parent. Att'y Gen. Ops. 0-1459 (1939), 0-1579 (1940).

The manifest effect of this section is to afford the children of military personnel stationed in Texas the same status as resident students under Article 2654c. Att'y Gen. Op 0-3859 (1941). But for the enactment of subdivision (6), such children would be determined as nonresidents under the quoted definition of nonresident students and subject to payment of the higher nonresident rates.

Had the Legislature omitted the words "their children" in its enactment of subdivision (6), then clearly it would have authorized such institutions of collegiate rank to accept at resident tuition rates all officers and enlisted men of the designated armed services stationed in Texas. But this it did not do; it limited the benefits of that law to "their children."

By virtue of the express and unambiguous provisions of subsection (6) of Section 1, Article 2654c, it is our opinion that officers, enlisted men, selectees or draftees of the Army, Army Reserve, National Guard, Navy, Naval Reserve, or the Marine Corps, residents of other states, who are stationed in Texas by assignment to duty within the borders of Texas, may not be permitted to enroll in our State-supported institutions of collegiate rank at resident student rates or charges, unless they as children of such armed service personnel stationed in Texas come within the benefits of the law.

## SUMMARY

Since the benefits of subdivision (6) of Section 1, Article 2654c, V.C.S., are expressly limited to the "children" of the officers and enlisted men of the Army, Army Reserve, National Guard, Navy, Naval Reserve, or the Marine Corps who are stationed in Texas by assignment to duty within its borders, such officers or enlisted men, as such, who are legally residents of other States are not permitted thereunder to enroll in our State-supported institutions of collegiate rank at

resident student rates.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By *Chester E. Ollison*

Chester E. Ollison
Assistant

Charles D. Mathews
First Assistant


CEO:am